## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

SYLVESTER LEE BRANCH                                             PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:17CV252-LRA

WARDEN  BRIAN LADNER, ET AL                                    DEFENDANTS

## OPINION AND ORDER

Defendant Nurse Christina Charczenko filed a Motion to Dismiss [35] and a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Available Administrative Remedies [41], contending that Plaintiff Sylvester Lee Branch never filed a grievance naming her and describing his claims against her.  She requests that his Complaint be dismissed in this case due to his failure to exhaust the Administrative Remedy Program [ARP] provided by the Mississippi Department of Corrections [MDOC].  She attached Affidavits by Le Tresia Stewart, Investigator II for the ARP at Central Mississippi Correctional Facility [CMCF], certifying the ARP files for two grievances filed by Branch [41-1, p. 1, and 41-2, p. 1], along with the ARP files. Branch testified regarding his attempts to exhaust at the hearing conducted before the Court under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).   He also filed his written response [51] to the motions.

After a thorough review of the pleadings and exhibits, Branch's sworn testimony, and the applicable law, the Court finds that Defendant's motion [41] shall be granted based upon Branch's non-exhaustion.

Failure to exhaust is an affirmative defense, so Defendant has the burden of demonstrating that Branch failed to exhaust his administrative remedies.  *Jones v. Bock*,

549 U.S. 199, 216 (2007).  At the summary judgment stage, this means that Defendant

"must establish beyond peradventure all of the essential elements of the defense of

exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260,

266 (5th Cir. 2010).  The court shall grant summary judgment "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the

evidentiary material of record were reduced to admissible evidence in court it would be

insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of*

*Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477

U.S. 317, 327 (1986)).  The burden shifts to the nonmovant to set forth specific facts

showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d

619, 621 (5th Cir. 2000).

Branch was a convicted felon in the custody of the MDOC and housed at CMCF n

Pearl, Mississippi, on or about April 11, 2017, when he filed his Complaint.  The only

Defendants initially named were the MDOC, CMCF Warden Brian Ladner, "Sgt. Allen"

(Mona Allen), and Defendant Charczenko.  Sgt. Allen has not been served with process

or otherwise entered an appearance.  The only claim against this Defendant Charczenko is

that she violated the Health Insurance Portability and Accountability Act of 2003

("HIPAA") by disclosing to prison officials that Branch received "ointment" from the

prison clinic. [1, p. 4; 1-1, pp. 15-17.]

The incident which gave rise to this lawsuit occurred on October 26, 2016, when Branch was involved in an altercation with prison officials.   Officials confronted him about his "unauthorized movement" during a lock-down at the prison.  Plaintiff claimed that he was allowed in the area because he needed to be at the prison clinic for medication.  When officials checked with the clinic about this, the duty nurse confirmed that Branch did receive ointment.  However, she informed them that it was not urgent and Branch had no other medications.

Branch received Rules Violation Reports after the incident.  He appealed the decision of the disciplinary hearing, but he never mentioned any actions taken by Nurse Charczenko on October 26, 2016.  On December 6, 2016, Warden Ladner denied his appeals of the RVR's and told him he had fulfilled the ARP requirements and was "eligible to seek judicial review within 30 days" from the receipt of the First Step Response.  Branch did appeal by filing suit in the Circuit Court of Rankin County on February 23, 2017, but that court dismissed the appeal as untimely.  He filed this lawsuit on April 11, 2017.

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

3

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. at 211, the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).

The October 4, 2017, affidavits by Le Tresia Stewart certifies as to the authenticity of the ARP files of Branch's Grievance No. CMCF-16-3049 and CMCF-16-3037 [41-1, p. 1; 41-2, p. 1]. The files reveal that Branch only appealed his RVR and requested that his RVR be dismissed.

4

The Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including MSP, under the authority of Miss. Code Ann. § 47-5-801.  The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994).  The current two-step process is described in the Inmate Handbook and utilizes the Administrative Remedy Program and the Inmate Legal Assistance Program.  Inmates may request information or assistance in using the program from their Case Manager or from any staff member in their housing unit.   (See MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.ms.gov).  A copy is attached as Exhibit 3 to Defendant's motion [41-3].

The exhaustion requirement demands *proper* exhaustion, to be finished before filing the federal lawsuit.  According to the MDOC ARP, this means the initial grievance must be filed within 30 days of the incident.  In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court." *Woodford*, at 83-84.  *See also Gordon v. Yusuff,* No. 03-60822, 2004 WL 1551625, at *1 (5th Cir. 2004) (a federal prisoner's untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion).  It is the prison's requirements, not the PLRA, that define the requirements of exhaustion.  *Jones v. Bock,* 549 U.S at 218.

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movants.  Although Branch insists that he exhausted against all Defendants, his ARP file does not contain his HIPAA claim or any other claim against

Defendant Charczenko.  In fact, she is not named in the ARP proceedings attached by Defendant to the motion, or in Branch's attachments to his Complaint.  His grievances involve his appeal of the Rules Violations Reports that he received, although he did testify that he exhausted as to Defendant Charczenko.  In his response to the motion, Branch attaches a pleading filed in the Rankin County Circuit Court, appealing his RVR #01566241 and RVR #01566242. [51-1].  In this pleading, he does describe his claims against "Sgt. Allen" and states that "Nurse CC" violated the HIPAA law by disclosing his medication to Sgt. Allen and the watch commander.  The lawsuit he filed in Rankin County does not satisfy his duty to exhaust administrative remedies under the ARP.

Defendant Charczenko never received notice of Branch's claims until she was named in this suit.  The law requires that the prison officials be provided fair notice of a prisoner's specific complaints and with the "time and opportunity to address [the] complaints internally."  *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004).  Although Branch generally contends he exhausted, a plaintiff's 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004).  In this case, Defendant's "uncontested, competent summary judgment evidence establishes beyond peradventure" that the ARP was available to Branch and that he failed to complete it regarding his claims against this Defendant before filing his Complaint. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4,

2015).  In his response [49], Branch admits he did not mention Nurse Charczenko in the ARPs.  He contends that she "is not mentioned because she did not issue the RVR's but that she is added in the 1983 complaint for violating Plaintiff's HIPAA law." [49, p. 3]. This is an admission that the HIPAA claim was only added in this federal case.

Based on a review of the Motion for Summary Judgment and related briefs, Branch's testimony, the record in this case, and the relevant legal authorities, the Court is convinced that Branch failed to exhaust his HIPAA claim against Defendant Nurse Charczenko by first proceeding under CMCF's ARP.  Although Branch's failure to exhaust mandates that this claim against this Defendant be dismissed, it is not fatal to his remaining claims regarding his conviction for the RVR and his alleged lack of due process in those proceedings, and the punishment he received.  *Jones*, 549 U.S. at 924 ("A typical PLRA suit with multiple claims . .. may combine a wide variety of discrete complaints, about interactions with guards, prison conditions, generally applicable rules, and so on, seeking different relief on each claim.  There is no reason failure to exhaust on one necessarily affects any other.").

Because Branch failed to exhaust, the Court will not consider the merits of his claims as to Charczenko.  Accordingly, the Motion to Dismiss [35] is hereby **denied as moot**.

IT IS THEREFORE, ORDERED that Defendant's  Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Available Administrative Remedies  [41], is **granted**,

and the claims against her are dismissed without prejudice.  She is hereby dismissed as a

Defendant in this case.

 SO ORDERED, this the 31st day of August 2018.


     /s/ Linda R. Anderson
    UNITED STATES MAGISTRATE JUDGE

8